[L. A. No. 4245. Department One.—May 7, 1918.]

ELLA H. LEVINGS et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

Negligence—Electric Railway—Collision With Automobile—Action for Death—Frivolous Appeal by Defendant.—Where, on appeal from a judgment against an electric street railway company for damages for the death of the driver of an automobile, with which one of the defendant's cars collided, the only contention of the defendant is that the deceased was guilty of contributory negligence which prevented a recovery, and the evidence in the record shows

that the car was being operated in a city at a speed not only greatly in excess of the limit permitted by the city ordinance, but at a rate which was in itself terrific, furious, and reckless, and the uncontradicted evidence of the surviving occupants of the car shows a lack of negligence on the part of the driver, the appeal is entirely without merit and frivolous.

ID.—DAMAGES FOR FRIVOLOUS APPEAL.—On such a state of the record, a clear case is presented for the imposition of a penalty upon the appellant for having begun and prosecuted a frivolous appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.    F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner, and A. W. Ashburn, Jr., for Appellant.

John F. Poole, and George A. Boden, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiffs in an action for damages for the alleged negligence of the defendant in the operation of one of its cars, by which a collision occurred with an automobile being driven by one Willard F. Levings, husband of the plaintiff, Ella H. Levings, and father of the other plaintiffs, in which the said Willard F. Levings lost his life. The collision occurred at the intersection of Colorado Street and El Molino Avenue, in the city of Pasadena, where, upon the afternoon of September 14, 1913, an east-bound car being operated by the defendant's employees on Colorado Street struck the automobile of the deceased going north on El Molino Avenue and attempting to cross Colorado Street. The appellant presents but one question upon this appeal, and that is the question whether upon the facts of the case the deceased was chargeable with such contributory negligence, as a matter of law, as would prevent a recovery of damages for his death. It is admitted by the appellant that the car which collided with the automobile of the decedent was being operated at a speed in excess of that allowed by the ordinances of Pasadena, which provide for a maximum speed of twenty miles an hour within said city. Aside from this admission, however, there is ample evidence tending to show that the car, immediately

before and at the time of the collision, was being run at a rate of speed so greatly in excess of the aforesaid speed limit as to amount to negligence so reckless as to be near the border line of criminality.   A number of witnesses to the accident declared that the car came down Colorado Street at a rate of speed of from forty to more than sixty miles an hour. Others described this speed as "terrific" and "furious."   The occupants of the automobile who survived the collision declared that no bell was rung or other warning given until just before the car crashed into the automobile.   There was also evidence showing that after the impact the car, in spite of efforts of the motorman to stop it, ran three hundred feet before being brought to a standstill.

It will thus be seen that there was ample proof that the defendant's negligence was of the most gross and inexcusable kind.   Upon the question of the contributory negligence of the deceased driver of the automobile, the uncontradicted evidence of its surviving occupants was to the effect that the automobile as it approached the intersection of El Molino Avenue with Colorado Street was traveling at a rate of speed of from ten to fifteen miles an hour; that its deceased driver and its other occupants looked in both directions up and down Colorado Street through the palms which line the avenue, but only partly obstruct the view, and that no car was in sight, and that there was no sound nor warning given of an approaching car.   One of the occupants of the machine was a musician, with an ear trained to distinguish sounds, and she testified that she heard no sound of warning of the car's approach.   The distance from the southerly curb line of Colorado Street to the street-car track was twenty-six feet.   As the automobile emerged from El Molino Avenue to cross this distance the car was for the first time seen approaching at the speed above indicated, but at the top of the hill more than a block away.   The driver of the automobile at once attempted to stop it, but could not do so before reaching the track.   The car traveled the length of the block, which was shown to be three hundred feet, while the automobile was going a distance of not to exceed twenty-six feet, and after striking and demolishing it, went a farther distance of three hundred feet before being brought to a stop.

Upon this state of the record the appellant contends that the deceased driver of the car must be held to have been guilty

of contributory negligence as a matter of law, and that the appellant was entitled to a verdict in its favor upon that ground alone. This contention has not the slightest semblance of merit. The cases cited by appellant to sustain it have no application to a state of facts such as the record herein discloses. The appeal is entirely without merit, and a clear case is presented for the imposition of a penalty upon the appellant for having begun and prosecuted a frivolous appeal.

The judgment is affirmed, with one hundred dollars added damages for an appeal which was frivolous and taken for delay.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.